IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LEODIS RANDLE                                                                                      PETITIONER
Reg. # 25064-009
v.                                         Case No. 4:20-cv-01392-BSM-JTK

BUREAU OF PRISONS et al.                                                           RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if

      such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Randle pled guilty in 2018 to possession of a stolen firearm, and he received a sentence of time served, three years supervised release, and a $100 mandatory special assessment. *See United States v. Randle*, Case No. 4:18-cr-00295-KGB-1. On August 7, 2020, the United States filed a Motion to Revoke. *See id.* at Doc. No. 113. Following the final hearing, the Court found Randle to be in violation and revoked his supervised release. *See id.* at Doc. No. 132. The Court sentenced Randle to eight (8) months imprisonment with no supervised release to follow. *Id.* He is currently being held at a contract facility—the Pulaski County Detention Facility—en route to his designated facility at FCI Memphis.

(Doc. No. 9-1, Declaration of James D. Crook)  Randle is set for release on April 15, 2021. *See id.*

Randle filed the instant 28 U.S.C. § 2241 habeas petition on November 18, 2020. (Doc. No. 1, Petition for Writ of Habeas Corpus)  In it, he appears to request jail credit for time he spent in state custody "to cure his 8 month federal sentence[.]" (Doc. No. 1, p. 2)  Respondent argues in the Response that the habeas petition should be dismissed due to Randle's failure to exhaust his administrative remedies, or alternatively, that it should be denied on the merits. (Doc. No. 9, Response to Petition)

For the reasons explained below, the Court recommends that Randle's habeas petition be denied and dismissed without prejudice.

The Attorney General, through the BOP, is responsible for computing federal sentences.  *United States v. Tindall*, 455 F.3d 885, 888 (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992)).  The BOP's calculation of a federal term of imprisonment begins by determining: (1) when a federal sentence "commences;" and (2) whether as defendant is entitled to credit for time "spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(a), (b).

Generally, only after a prisoner exhausts administrative remedies with the BOP may a prisoner seek judicial review of sentencing credit determinations.  *See United States v. Tindall*, 455 F.3d at 888; *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000) (per curiam); *Willis v. Ciccone*, 506 F. 2d 1011 (8th Cir. 1974). Administrative exhaustion

"means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citations omitted). The exhaustion requirement protects agency power by giving it "the opportunity to apply its expertise, exercise the discretion delegated to it by Congress, and correct its own alleged errors." *United States v. Dico, Inc.*, 136 F.3d 572, 576 (8th Cir. 1998). It also allows the agency to fully develop a factual record for judicial review as well as aid the Court in understanding technical matters. *See id.* Failure to exhaust is considered an affirmative defense and, in this context, is not jurisdictional. *See Lueth v. Beach*, 498 F.3d 795, 797, n. 3 (8th Cir. 2007).

The affidavit of James Crook, Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center, establishes that Randle is in federal custody while housed at a contract facility awaiting transport. (Doc. No. 9-1, Affidavit of James Crook) According to BOP records, Randle has not filed any requests for administrative remedies since January 2019. *Id.* While Randle claims he exhausted all administrative remedies, there is no record of him filing for an administrative remedy regarding jail credit or sentence computation as to his supervised release violation sentence in 2020. *Id.* Nor has Randle provided any grounds to be excused from the exhaustion of administrative remedies requirement. Therefore, he has not exhausted his administrative remedies as required prior to filing his petition and has failed to provide a credible explanation for his failure to do so. Accordingly, the Court recommends the petition be

denied and dismissed without prejudice so as to provide Randle the opportunity to pursue the administrative process should he wish.

IT IS SO ORDERED THIS 1st day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE